**PAUL J. CARTER, ESQ. (SBN #189780)**
BERGKVIST, BERGKVIST & CARTER, LLP
400 Oceangate, Suite 800
Long Beach, CA 90802-4388

Telephone: (562) 435-1426
Facsimile: (562) 495-4255

Attorneys for Plaintiff,
BRUCE T. MULHEARN, individually and as Trustee of the Grasmere Trust; GRASMERE TRUST; MULHEARN REALTORS, INC.; MID-CITIES CORPORATION

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>EDDY MARIN and KATINA L. MARIN,<br><br>Debtors. | Case No.: 2:11-bk-13591-BR<br><br>Chapter: 7<br><br>Adv. Proc.: |
| BRUCE T. MULHEARN; GRASMERE TRUST; MULHEARN REALTORS, INC.; MID-CITIES CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>EDDY MARIN,<br><br>Defendant. | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT 11 U.S.C. § 523 (a)(4) and 523 (a)(2)(A)** |

### COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBT, TO DENY DISCHARGE AND FOR JUDGMENT

Plaintiffs, through their attorney, Paul J. Carter, states as follows:

## I. PARTIES AND JURISDICTION

1. This is an adversary proceeding in bankruptcy brought by BRUCE T. MULHEARN, GRASMERE TRUST, MULHEARN REALTORS, INC., and MID-CITIES CORPORATION pursuant to 11 U.S.C. §523. ("Plaintiffs")

2. Plaintiff BRUCE T. MULHEARN is an individual residing in the County of Los Angeles, State of California and is the trustee of the GRASMERE TRUST dated August 18, 1978, which is a trust formed pursuant to California law.

3. Plaintiff MULHEARN REALTORS, INC. is a California Corporation ("MRI") with its principle place of business in the County of Los Angeles, State of California.

4. MID-CITIES CORPORATION is a California Corporation with its principle place of business in the County of Los Angeles, State of California.

5. Debtors, EDDY MARIN and KATINA L. MARIN filed a Chapter 7 bankruptcy petition on January 29, 2011.

6. Jurisdiction is vested in this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. § 523; this matter is a core proceeding.

7. Plaintiffs demand a jury trial for this bankruptcy adversary proceeding.

8. Plaintiffs are creditors in this bankruptcy proceeding.

## II. FIRST CAUSE OF ACTION

**Harm by a Fiduciary [11 U.S.C. § 523 (a) (4)]**

9. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 8, above.

10. The underlying case that gives rise to the debt at issue here arises from real estate ventures that lost money.

11. The basic facts are that debtor/defendant Eddy Marin ("Marin") and creditor/plaintiff Bruce Mulhearn ("Mulhearn") entered into three separate joint ventures. Marin formed a corporation, The Renaissance Company, LLC to work on these projects. The first joint venture was

BERGKVIST, BERGKVIST & CARTER, LLP
400 Oceangate, Suite 800
Long Beach, CA 90802-4388
Tel. (562) 435-1426 • Fax (562) 495-4255

1  to develop six homes in Signal Hill, California ("Signal Hill Joint Venture"). Marin and Mulhearn
2  were 50/50 joint venture partners on the Signal Hill project. Marin and Mulhearn also entered into
3  a subsequent joint venture to operate a Prudential California Realty Seal Beach real estate office
4  ("Seal Beach Joint Venture"). The Seal Beach office of Prudential California Realty, Inc. is
5  actually just a branch office of Mulhearn Realtors, Inc. The third joint venture was to develop
6  property in Lancaster, California. Marin never contributed the 50% of the purchase price for the
7  land, as required per the joint venture, so the Lancaster Joint Venture was never developed. All
8  three joint ventures failed in some way.  Mulhearn is a real estate broker and owns Mulhearn
9  Realtors, Inc. dba Prudential California Realty and Mid-Cities Corporation ("Mid-Cities").
10 Grasmere Trust is Mulhearn's estate plan. The parties were able to resolve all issues related to the
11 Seal Beach Joint Venture and the Lancaster Joint Venture, prior to trial, through the use of a set of
12 Stipulated Facts and a final determination by the Accounting Referee, which was adopted by the
13 court. The Signal Hill Joint Venture was the only project still left to be litigated at trial.
14      12.    Mulhearn's role in the joint venture was to provide financing through his relationship
15 with various financial institutions, while Marin was in charge of managing the construction of six
16 homes. Marin caused approximately $1 million in cost overruns and more than one year of
17 unnecessary delays.
18      13.    Due to cost-overruns and delays that were the fault of Marin, the project went over
19 budget and Mulhearn was required to contribute additional money out of his personal finances to
20 finish the project.
21      14.    As a joint venture partner, Marin owed Mulhearn a fiduciary duty.
22      15.    On July 30, 2007, Marin filed a lawsuit in Los Angeles Superior Court, Central
23 District, entitled <u>EDDY MARIN et al. v. BRUCE MULHEARN et al.</u> bearing Case No. BC375041.
24      16.    After multiple sustained demurrers by Mulhearn and subsequent amendments to the
25 complaint by Marin, the operative complaint was a Second Amended Complaint ("SAC"), which
26 was filed on May 26, 2010 and alleged six causes of action against Bruce Mulhearn, Grasmere
27 Trust, MRI, and Mid-Cities. A true and correct copy of the SAC is attached hereto as Exhibit "A."
28

17. The six causes of action were: 1) Breach of fiduciary duty; 2) Conversion; 3) Breach of contract; 4) Breach of good faith covenant; 5) Fraud; and 6) Accounting.

18. A Special Referee was appointed to take care of all of the accounting issues, including the Signal Hill Joint Venture, Seal Beach Joint Venture and Lancaster Joint Venture.

19. Utilizing a third-party CPA agreed to by all parties, the Referee found that Marin owes Mulhearn $455,713.28 as a result of the failure of these joint ventures.

20. On April 22, 2010, the Superior Court formally adopted the Referee's Report as an order of the court.

21. On October 29, 2010, the Superior Court entered an interlocutory judgment in favor of Mulhearn and against Marin in the amount of $455,713.28. A true and correct copy of the interlocutory judgment is attached hereto as Exhibit "B."

22. On the first day of trial on January 13, 2011, the Superior Court judge ruled in Mulhearn's favor, once again confirming the $455,713.28 that Marin owes to Mulhearn and dismissing Marin's breach of fiduciary duty claim against Mulhearn, as well as all other pending claims.

23. Before Mulhearn could file a proposed judgment and have that judgment entered in his favor, Marin filed the instant Chapter 7 bankruptcy petition.

24. Marin's willful neglect of his fiduciary duty to Mulhearn caused Mulhearn damages in the amount of $455,713.28 and collection costs.

### III. SECOND CAUSE OF ACTION

**Fraud [11 U.S.C. § 523 (a) (2) (A)]**

25. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 24, above.

26. Marin repeatedly represented to Mulhearn that the Signal Hill Joint Venture was progressing on time and on budget.

///

///

27. Additionally, Marin hired and paid a family member to manage day-to-day operations at the Signal Hill construction site even though this was a task Marin was being paid for and was supposed to complete, and even though the family member was 21 years old, had no construction experience and was exceedingly unqualified.

28. Marin intentionally misrepresented to Mulhearn that this family member was qualified to handle the management job; however, this unqualified project manager only led to additional cost and time overruns on this project.

29. Marin used his superior knowledge of the actual conditions at the project to make these misrepresentations to Mulhearn.

30. At the time Marin made the material misrepresentations he knew them to be false and that Mulhearn was unaware of the falsity of Marin's statements.

31. Marin made the misrepresentations with the intent to deceive Mulhearn into believing the representations were true and with the intent that Mulhearn would rely on said representations.

32. Marin failed to disclose to Mulhearn the true status of the project's timeline and budget hoping that Mulhearn would continue to fund the project.

33. Mulhearn did in fact justifiably rely upon the false representations made by Marin by putting additional money into the project from his personal finances.

34. Upon inquiry as to the why the project was so far over budget, Marin continued making false statements to Mulhearn by standing by his assertion that Mulhearn's accounting statements were incorrect.

35. The accuracy of Mulhearn's numbers and accounting statements were confirmed by the findings of the Accounting Referee and the final ruling of the Superior Court.

36. After Marin had already filed the above referenced lawsuit regarding the joint ventures, Marin proceeded to willfully and maliciously defame Mulhearn by posting a written statement that inflicted harm on Mulhearn's business and referenced Marin's claim of accounting discrepancies and the above referenced lawsuit.

37. On or about December 17, 2007, the libelous statement was posted by Marin on the website www.ripoffreport.com as report # 292418.

38. That defamatory statement led to a second lawsuit filed by Mulhearn against Marin for libel and slander. That case was filed in Los Angeles Superior Court, South District, entitled BRUCE T. MULHEARN v. EDDY MARIN bearing case number NC051300. That case is currently stayed due to Marin's bankruptcy case.

39. An adversary complaint has been concurrently filed, with the instant adversary complaint, by Bruce Mulhearn relative to the defamation case to ensure that any judgment in Mulhearn's favor is ruled non-dischargeable.

40. Marin had the specific, willful and malicious intent to defraud Mulhearn by accepting the benefits of Mulhearn's financing and of the management fees paid to Marin during construction without ever intending to perform his duty to bring the project to completion on time and on budget.

41. Plaintiff suffered damages in an amount in excess of $455,713.28 and collection costs, as a direct result of Marin's false representations.

42. Marin, by reason of the foregoing, obtained money from Mulhearn with the willful and malicious intent to injure Mulhearn.

43. Pursuant to 11 U.S.C. § 523 (a) (2) (A), Defendant Marin should not be granted a discharge of this debt to Plaintiff Bruce Mulhearn in the amount of $455,713.28 and collection costs, according to proof.

///
///
///
///
///
///
///
///

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray that this court grants the following relief:

1. A monetary judgment against Defendant Marin in the amount of $455,713.28 and collection costs, according to proof, plus interest at the legal rate;

2. An order determining that such debt is non-dischargeable under 11 U.S.C. § 523 (a) (4) and 11 U.S.C. § 523 (a) (2) (A);

3. An order awarding Plaintiff attorney's fees and costs incurred herein; and

4. An order awarding Plaintiffs such additional relief as this court deems just and equitable.

Respectfully Submitted,

Dated: 5/5/11                                       BERGKVIST, BERGKVIST & CARTER, LLP

                                                    By:  /s/ Paul J. Carter
                                                         Paul J. Carter, Attorney for Plaintiffs

FORM B104 (08/07)　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>BRUCE T. MULHEARN; GRASMERE TRUST; MULHEARN REALTORS, INC.; MID-CITIES CORPORATION | **DEFENDANTS**<br>EDDY MARIN |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>PAUL J. CARTER   (SBN 189780)<br>Bergkvist, Bergkvist & Carter, LLP, 400 Oceangate, Ste 800,<br>Long Beach, CA  90802 (562) 435-1426 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Breach of Fiduciary Duty; and Fraud

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ 455,713.28 |

**Other Relief Sought**
Collection cost, attorney's Fees and other such relief as the Court deems just.

FORM B104 (08/07), page 2                   2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR** <br> EDDY MARIN and KATINA L. MARIN | | **BANKRUPTCY CASE NO.** <br> 2:11-bk-13591-BR |
| **DISTRICT IN WHICH CASE IS PENDING** <br> CENTRAL | **DIVISIONAL OFFICE** <br> LOS ANGELES | **NAME OF JUDGE** <br> HON. BARRY RUSSELL |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| **PLAINTIFF** <br> 1.) BRUCE T. MULHEARN <br> 2.) JOSE & LETICIA GONZALEZ | **DEFENDANT** <br> 1.) EDDY MARIN <br> 2.) EDDY MARIN | **ADVERSARY PROCEEDING NO.** <br> 1. & 2.) TBA (filed concurrently) |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** <br> 1. & 2.) CENTRAL | **DIVISIONAL OFFICE** <br> 1. & 2.) LOS ANGELES | **NAME OF JUDGE** <br> 1. & 2.) HON. BARRY RUSSELL |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br> /s/ PAUL J. CARTER | | |
| **DATE** <br> 5/5/11 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> PAUL J. CARTER | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| PAUL J. CARTER  (SBN 189780)<br>Bergkvist, Bergkvist & Carter, LLP<br>400 Oceangate, Ste 800,<br>Long Beach, CA  90802<br>Tel. (562) 435-1426<br>Fax (562) 495-4255<br><br>*Attorney for Plaintiff* Mulhearn, Grasmere, Mulhearn Realtors, Mid-Cities Corp | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

| In re: EDDY MARIN, and<br>KATINA L. MARIN<br><br>Debtor. | CHAPTER  7<br><br>CASE NUMBER  2:11-bk-13591-BR<br><br>ADVERSARY NUMBER |
|---|---|
| BRUCE T. MULHEARN; GRASMERE TRUST; MULHEARN REALTORS, INC.; MID-CITIES CORPORATION<br>Plaintiff(s),<br><br>vs.<br><br>EDDY MARIN<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|
| ❏ 255 East Temple Street, Los Angeles | | ❏ 411 West Fourth Street, Santa Ana | |
| ❏ 21041 Burbank Boulevard, Woodland Hills | | ❏ 1415 State Street, Santa Barbara | |
| ❏ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL
Clerk of Court**

By: _____
*Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)                                    **F 7004-1**

Summons and Notice of Status Conference - *Page 2*     **F 7004-1**

| In re          (SHORT TITLE) | CASE NO.: 2:11-bk-13591-BR |
|---|---|
| EDDY MARIN, and KATINA L. MARIN                              Debtor(s). | |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
400 OCEANGATE STE 800, LONG BEACH, CA 90802

A true and correct copy of the foregoing document described as  SUMMONS AND COMPLAINT
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____     _____     _____
Date                Type Name           Signature

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)                                                                                                **F 7004-1**